UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DRAMOND HICKS,

        Petitioner,                  Civil Case Number 08-13646
                                                        Criminal Case Number 01-20057
v.                                                           Honorable David M. Lawson

UNITED STATES OF AMERICA,

        Respondent.

_____/

**OPINION AND ORDER DENYING MOTION TO VACATE SENTENCE**

The petitioner, Dramond Hicks, was convicted upon his plea of guilty of possession with intent to distribute more than fifty grams of cocaine, and was sentenced as a career offender to 262 months imprisonment. He filed a motion to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255 on August 21, 2008, to which the government has responded in opposition. Hicks alleges that he received ineffective assistance of counsel at sentencing because his attorney did not contest Hicks's status as a career offender. Hicks also claims that recent amendments to the sentencing guidelines preclude a finding that he was a career offender. The Court finds that Hicks's attorney was not constitutionally ineffective, and Hicks qualified as a career offender under the sentencing guidelines in effect at the time of sentencing and at the present time. Therefore, the Court will deny the motion to vacate the sentence.

I.

A grand jury sitting in Bay City, Michigan indicted the petitioner on December 19, 2001, charging him with four counts of violating the federal drug laws. On July 31, 2002, the petitioner pleaded guilty to a single count of conspiracy to possess with intent to distribute fifty or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. He was sentenced on November

21, 2002 to 262 months imprisonment. Hicks appealed his sentence on the grounds that he should have been permitted to withdraw his plea if he was sentenced to more than 240 months imprisonment. On appeal, the Sixth Circuit summarized the proceedings as follows:

> The written plea agreement was accompanied by a sentencing worksheet, which alerted Hicks to the fact that he was facing a mandatory minimum sentence of 240 months. FN1 However, after the written plea agreement was signed and by the time of the July 31, 2002 hearing when Hicks entered his guilty plea, it had been determined that Hicks was a career offender and, thus, facing a sentence of at least 262 months. FN2
>
>> FN1. The sentencing worksheet was attached to the written plea agreement. The plea agreement was signed by Hicks on July 24, 2002 and filed on July 24, 2002. The sentencing worksheet set the adjusted offense level at 32 less 3 levels for acceptance for responsibility and computed the criminal history category as IV which called for a sentencing range of 121 to 151 months. However, the worksheet provided that the defendant was subject to the mandatory minimum sentence of 240 months.
>>
>> FN2. The sentencing range for an offense level of 37 and a criminal history of VI, mandated by the career offender provisions, is 360 months to life. The range for an offense level of 34 (reduced by virtue of credit for accepting responsibility) and a criminal history of VI is 262 months to 327 months.
>
> After the discovery of the fact that Hicks was a career offender, the written plea agreement was modified to reflect that fact with the insertion of a handwritten notation limiting the sentence to a term of 262 months in the paragraph entitled Sentence Agreement which stated:
>
>> 3. Sentence Agreement
>> A. Imprisonment. Defendant shall be sentenced to no more than the mid-point of the applicable guideline range as determined by the court, *and in no event to exceed 262 months*. FN3
>>
>> FN3. The italicized information was handwritten and initialed by the defendant.
>
> JA at 71.
>
> Before accepting his guilty plea, the district court carefully explained the impact of the career offender status to Hicks in the following colloquy:

> THE COURT: The career offender status automatically requires that your base offense level under the guidelines be 37. Has that been explained to you?
>
> A Um humm, no.
>
> THE COURT: Well let me just walk through this. As a career offender, with this kind of maximum penalty exposure, your base offense level is 37 and your criminal history category is 6. That's what the guidelines call for, that would yield a guidelines range of 30 years to life.
>
> However, it's also been recommended in the plea agreement that you be given a reduction in your offense level to-of 3 levels for acceptance of responsibility. Now that's what the government and your lawyer are recommending to me, but I have to make the choice as to whether your acceptance of responsibility is appropriate in your case. And if I were to indicate that it was not, then this 262 month cap would not be within the guideline range, and I would reject the plea agreement at that point and you would have an opportunity to reject or withdraw your plea and go to trial if you wanted to; do you understand that?
>
> A Yes, sir.

JA at 29.

*United States v. Hicks*, 110 F. App'x 600, 601-02 (6th Cir. Sept. 15, 2004), *vacated for reconsideration in light of United States v. Booker*, 544 U.S. 947 (2005).

Hicks's plea was accepted. At the sentencing hearing, the Court calculated Hicks's offense level as 32, which was reduced to 29 for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. However, it was increased to 37 because Hicks was found have two prior felony convictions that qualified him as a career offender. *See* U.S.S.G. § 4B1.1(a)(3). The offense level of 37 was in turn reduced by three for acceptance of responsibility. Consistent with the Sentencing Guidelines Manual, the petitioner's career offender status placed him in criminal history category VI. *Ibid.* The resulting guideline range was 262 to 327 months, and Hicks was sentenced, without objection, to 262 months in custody. The petitioner appealed to the Sixth Circuit, which affirmed, but the

Supreme Court remanded the matter for reconsideration in light of *United States v. Booker*, 543 U.S. 220 (2005). On remand, the Court resentenced Hicks to 262 months. After an unsuccessful second appeal, the petitioner filed the present motion.

## II.

The main thrust of the petitioner's arguments is that his prior record does not qualify him for career offender status, and his lawyer should have objected to that finding. Under the Sentencing Guidelines in effect at the time of the sentencing in this case, a defendant qualified as a career offender if he had "at least two prior felony convictions of either a crime of violence or a controlled substance offense." U.S.S.G. § 4B1.1(a)(3) (2002).

### A.

According to the presentence report, the accuracy of which is not challenged here, when Hicks committed the drug crime in this case, he already had a conviction for a controlled substance offense and at least one conviction for a violent crime. On May 13, 1994, the petitioner was arrested for delivery of less than 50 grams of cocaine. He was released on bond, and on August 23, 1994, was arrested for discharging a firearm from a vehicle and felonious assault for an incident that occurred on July 12, 1994. He was sentenced in the Tenth Circuit Court in Saginaw County, Michigan, on November 29, 1994 to five to ten years in prison for each of these charges.

On May 3, 2001, the petitioner was arrested on a charges of third-degree child abuse, and he was sentenced on January 6, 2002 to six months imprisonment. Child abuse in the third degree is a misdemeanor punishable by not more than two years imprisonment. Mich. Comp. Laws § 750.136b.

Hicks reasons here that the drug felony and the violent felony for which he was sentenced on November 29, 1994 should be counted as one prior conviction in the career offender calculus. Citing *Buford v. United States*, 532 U.S. 59 (2001), the petitioner argues that when those prior cases were consolidated for sentencing, they should not be counted separately for purpose of career offender status. Hicks says his lawyer should have recognized this, and the failure to make that argument at sentencing was deficient performance in violation of the Sixth Amendment.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or "is otherwise subject to collateral attack." 28 U.S.C. § 2255. Claims of ineffective assistance of counsel are properly raised in a section 2255 motion. *United States v. Graham*, 484 F.3d 413, 422 (6th Cir. 2007) (quoting *United States v. Aguwa*, 123 F.3d 418, 423 (6th Cir. 1997).

The two-prong test set forth in *Strickland v. Washington*, 466 U.S. 668 (1984), governs claims of ineffective assistance of counsel. *Towns v. Smith*, 395 F.3d 251, 258 (6th Cir. 2005). To show a violation of the Sixth Amendment right to effective assistance of counsel, a petitioner must establish that his attorney's performance was deficient and that the deficient performance prejudiced the defense. *Strickland*, 466 U.S. at 687. An attorney's performance is deficient if "counsel's representation fell below an objective standard of reasonableness." *Id.* at 688. The defendant must show "that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." *Id.* at 687. "Judicial scrutiny of counsel's performance must be highly deferential." *Id.* at 689. The Court has "declined to articulate specific guidelines for appropriate attorney conduct and instead [has] emphasized that the proper measure

of attorney performance remains simply reasonableness under prevailing professional norms." *Wiggins v. Smith*, 539 U.S. 510, 521 (2003) (quoting *Strickland*, 466 U.S. at 688) (internal quotes omitted).

An attorney's deficient performance is prejudicial if "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." *Strickland*, 466 U.S. at 687. The petitioner must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694. Unless the petitioner demonstrates both deficient performance and prejudice, "it cannot be said that the conviction [or sentence] . . . resulted from a breakdown in the adversary process that renders the result unreliable." *Id.* at 687. A defendant is entitled to effective assistance at the sentencing stage of the criminal process. *See Wiggins*, 539 U.S. at 521.

An attorney does not perform deficiently by failing to raise issues that have no merit. "[T]here can be no constitutional deficiency in counsel's failure to raise meritless issues." *Mapes v. Coyle*, 171 F.3d 408, 413 (6th Cir. 1999). Therefore, the vitality of the petitioner's present motion turns on the validity of his argument that he should not have been deemed a career offender.

To meet the two-prior-felony-conviction requirement of U.S.S.G. § 4B1.1(a)(3) (2002), the petitioner's prior convictions must be counted as separate sentences under U.S.S.G. § 4A.1.1. U.S.S.G. § 4B1.2(c) (2002). Section 4A1.2(a)(2) of the Sentencing Guidelines Manual provides guidance on when sentences imposed on the same day must be counted as one sentence or more than one. *See United States v. Carter*, 374 F.3d 399, 409-10 (6th Cir. 2004), *vacated on Booker grounds*, 543 U.S. 1111 (2005). Sentences are counted as separate convictions under U.S.S.G. § 4B1.2(c)(2),

if they are "unrelated." *Id.* § 4A1.2(a)(2) ("Prior sentences imposed in unrelated cases are to be counted separately. Prior sentences imposed in related cases are to be treated as one sentence for purposes of § 4A1.1(a), (b), and (c)."). The Sentencing Guidelines Manuel application note instructs:

> Prior sentences are not considered related if they were for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense). Otherwise, prior sentences are considered related if they resulted from offenses that (A) occurred on the same occasion, (B) were part of a single common scheme or plan, or (C) were consolidated for trial or sentencing.

U.S.S.G. § 4A1.2, comment. (n.3) (2002). This instruction remained constant through the date of the petitioner's resentencing. *See* U.S.S.G. § 4A1.2, comment. (n.3) (2005).

It is true that the petitioner was sentenced on two of his predicate felonies on the same day – November 29, 1994. However, that fact alone does not mean that the offenses were consolidated for sentencing or otherwise should be considered a single sentence. *See United States v. McAdams*, 25 F.3d 370, 374 (6th Cir. 1994). Offenses that retain different docket numbers throughout sentencing, like the petitioner's 1994 offenses, are not thought to be consolidated for sentencing. *See ibid.*; *United States v. Coleman*, 964 F.2d 564, 566 (6th Cir. 1992).

In the end, however, it does not matter whether the two cases were consolidated for sentencing, because of the clear instruction that "[p]rior sentences are not considered related if they were for offenses that were separated by an intervening arrest." U.S.S.G. § 4A1.2, comment. (n.3) (2002). The petitioner committed the second offense – discharging a firearm and felonious assault – after he had been arrested for the first felony drug offense. The intervening arrest renders irrelevant any consolidation of the counts for sentencing. *See United v. Smith*, 549 F.3d 355, 362

(6th Cir. 2008) (applying the 2005 guideline, which contained an identical provision to the guideline in effect when the petitioner was sentenced and resentenced).

The petitioner's reliance on *Buford v. United States*, 532 U.S. 59 (2001), is entirely misplaced. That case dealt with the appropriate standard of review that courts of appeals should employ when reviewing a district court's determination that two offenses were consolidated for sentencing purposes. The Supreme Court acknowledged that there was Seventh Circuit precedent for the view that sentences may be "'functionally consolidated,' which means that the convictions were 'factually or logically related, and sentencing was joint.'" *Id.* at 61 (quoting *United States v. Buford*, 201 F.3d 937, 940 (7th Cir. 2000)). However, the Supreme Court did not ratify that aspect of the Seventh Circuit's decision ( which would make no difference in the present case anyway). Rather, the Court held that the district court's factual determination regarding consolidation should be reviewed deferentially.

There was no legal basis for the argument that the petitioner claims his attorney should have made at the time of his sentencing in 2002, or his resentencing in 2005. The petitioner's attorney was not deficient for failing to raise a legally erroneous argument.

B.

The petitioner also argues that his sentences should be treated as one under Amendment 709 to the Sentencing Guideline Manual. He believes that he should have the benefit of this amendment, which post-dated his sentence and resentence. That argument has no traction because the presence of an intervening arrest remains as a disqualifier for treating same-day sentences as separate for career offender purposes.

Effective November 1, 2007, Amendment 709 altered U.S.S.G. § 4A1.2(a)(2), to read:

> If the defendant has multiple prior sentences, determine whether those sentences are counted separately or as single sentence. *Prior sentences always are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest* (i.e., the defendant is arrested for the first offense prior to committing the second offense). If there is no intervening arrest, prior sentences are counted separately unless (A) the sentences resulted from offenses contained in the same charging instrument; or (B) the sentences were imposed on the same day. Count any prior sentence covered by (A) or (B) as a single sentence. See also §4A1.1(f).
>
> For purposes of applying §4A1.1(a), (b), and (c), if prior sentences are counted as a single sentence, use the longest sentence of imprisonment if concurrent sentences were imposed. If consecutive sentences were imposed, use the aggregate sentence of imprisonment.

U.S.S.G. §4A1.2(a)(2) (2007) (emphasis added). The amendment was designed to "simplif[y]" the prior rule, which was viewed as "too complex." U.S.S.G. App. C, Amendment 709, Reason for Amendment.

If the petitioner is arguing that his attorney's performance was deficient for failing to raise an issue relating to the amendment, the argument must be rejected out of hand. The petitioner's attorney was not required to predict the future; he can not be considered deficient in 2002 or 2005 for not urging the application of a guidelines provision that did not come into existence until 2007. Only in "rare cases" can counsel be found deficient for not anticipating a change in currently-prevailing law. *Lucas v. O'Dea*, 179 F.3d 412, 420 (6th Cir. 1999). Anticipating a change in the guidelines under the circumstances presented here is not one of those such cases.

Nor is the petitioner entitled to relief under this amendment otherwise. The amendment was not meant to be applied retroactively. The default rule is that "the Guidelines Manual in effect on the date that the defendant is sentenced" is the one that must be applied. U.S.S.G. §1B1.11(a). Congress has authorized a reduction of sentence "in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the

Sentencing Commission pursuant to 28 U.S.C. 994(o) . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(2). The Sentencing Guidelines Manuel contemplates a reduction of a term of imprisonment under certain circumstances as follows:

> (a)(1)   In General.— In a case in which a defendant is serving a term of imprisonment, and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment to the Guidelines Manual listed in subsection (c) below, the court may reduce the defendant's term of imprisonment as provided by 18 U.S.C. § 3582(c)(2). As required by 18 U.S.C. § 3582(c)(2), any such reduction in the defendant's term of imprisonment shall be consistent with this policy statement.
>   (2)   Exclusions.—A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if—
>     (A)   none of the amendments listed in subsection (c) is applicable to the defendant; or
>     (B) an amendment listed in subsection (c) does not have the effect of lowering the defendant's applicable guideline range.
> . . .
> (c) Covered Amendments.—Amendments covered by this policy statement are listed in Appendix C as follows: 126, 130, 156, 176, 269, 329, 341, 371, 379, 380, 433, 454, 461, 484, 488, 490, 499, 505, 506, 516, 591, 599, 606, 657, 702, 706 as amended by 711, and 715.

U.S.S.G. § 1B1.10. Before an amendment can be given retroactive effect, it must be listed in section 1B1.10(c). *United States v. Dullen*, 15 F.3d 68, 71 (6th Cir. 1994). Amendment 709 is not listed in this section, so it is hardly surprising that the Sixth Circuit has indicated recently that it does not apply retroactively. *United States v. Smith*, 549 F.3d 355, 362 n.2 (6th Cir. 2008) ("The Guidelines authorize such post-conviction reductions on the basis of an enumerated and limited set of amendments, of which the amendment at issue here is not one. *See* U.S.S.G. § 1B1.10."). Nor is there any indication in the commentary that the amendment was meant to apply retroactively.

But even Amendment 709 were retroactive, the petitioner still would be considered a career offender. Contrary to the petitioner's suggestion, the guidelines now emphasize that "[p]rior sentences *always* are counted separately if the sentences were imposed for offenses that were separated by an intervening arrest (i.e., the defendant is arrested for the first offense prior to committing the second offense)." U.S.S.G. § 4A1.2(a)(2) (2008) (emphasis added). Because the petitioner's offenses were separated by an intervening arrest, he is not entitled to any relief under the amended guidelines.

### III.

The Court finds that the petitioner has not established that the sentence in this case was imposed in violation of the Constitution or laws of the United States. The petitioner, therefore, is not entitled to relief under 28 U.S.C. § 2255.

Accordingly, it is **ORDERED** that the petitioner's motion to vacate sentence [dkt. #107] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   January 26, 2009

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 26, 2009.

s/Felicia M. Moses
FELICIA M. MOSES

---