UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                          Case Number 01-20057
v.                                     Honorable David M. Lawson

DRAMOND D. HICKS,

        Defendant.

_____/

## ORDER DENYING DEFENDANT'S MOTION TO REDUCE SENTENCE PURSUANT TO 18 U.S.C. § 3582

On July 31, 2002, defendant Dramond Hicks pleaded guilty to conspiracy to possess with intent to distribute 50 grams or more of cocaine base. At the sentencing hearing, the Court determined the offense level and criminal history category as prescribed by the career offender provision of the Sentencing Guidelines. The defendant was sentenced to 262 months imprisonment, to be followed by ten years of supervised release.

In March 2008, the defendant filed a motion to reduce his sentence under 18 U.S.C. § 3582(c), citing the United States Sentencing Commissions retroactive amendment to the guidelines that apply to crack cocaine offenses, designated as Amendment 706. The Court denied that motion on September 4, 2009. The Court found that the defendant had been sentenced as a career offender and therefore he was not eligible for a sentence modification based on the retroactive application of Amendment 706. *United States v. Perdue*, 572 F.3d 288, 290-92 (6th Cir. 2009).

In addition, on October 18, 2011, the defendant submitted a latter to the Court asking for consideration of a sentence reduction. The letter was docketed as a motion to reduce his sentence under 18 U.S.C. § 3582(c). In his second motion, the defendant argues that he is entitled to have

his sentence reduced because the United States Sentencing Commission, following the enactment

of the Fair Sentencing Act of 2010, issued new and more lenient sentencing guidelines applicable

to offenses involving crack cocaine. Those guidelines were made retroactive by the Sentencing

Commission as of November 1, 2011.

Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment after it is imposed

only under certain conditions:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on a sentencing range* that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

(emphasis added). The defendant argues that he is entitled to a sentence reduction because his crime

involved crack cocaine and the crack cocaine sentencing guidelines have been reduced retroactively.

The United State Court of Appeals for the Sixth Circuit has held that a defendant sentenced

as a career offender is not eligible for a sentence reduction based on Amendment 706, even if the

court grants a downward departure based on substantial assistance. *Perdue*, 572 F.3d at 290-92.

Because the defendant's sentence is based on the career offender guidelines and not a sentencing

guideline range that was later lowered by the Sentencing Commission, he is not eligible for relief.

Accordingly, it is **ORDERED** that the defendant's motion for reduction of sentence under

18 U.S.C. § 3582(c)(2) [dkt. #121] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated:   December 16, 2011

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on December 16, 2011.

s/Deborah R. Tofil
DEBORAH R. TOFIL