UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,

                                    Case Number 01-20057
                                    Honorable David M. Lawson

v.

DRAMOND D. HICKS,

        Defendant.

_____/

## ORDER DENYING MOTIONS TO REDUCE SENTENCE

        Presently before the Court are defendant Dramond Hicks's motions seeking a reduction of his sentence under 18 U.S.C. § 3582(c)(2). On May 28, 2013, Hicks filed a motion asking the Court retroactively to apply the reduced crack cocaine sentencing guidelines enacted under the Fair Sentencing Act of 2010, citing principally the decision of the Sixth Circuit in *United States v. Blewett*, 719 F.3d 482 (6th Cir. 2013). However, on July 11, 2013, the Sixth Circuit granted the government's petition for rehearing *en banc* in *Blewett*. Upon rehearing, the Sixth Circuit held that "(1) the Fair Sentencing Act's new mandatory minimums do not apply to defendants sentenced before it took effect; (2) § 3582(c)(2) does not provide a vehicle for circumventing that interpretation; and (3) the Constitution does not provide a basis for blocking it." *United States v. Blewett*, 746 F.3d 647, 650 (6th Cir. 2013) (*en banc*).

        On April 21, 2016, Hicks filed a motion suggesting that he is entitled to a reduction of his sentence under Guideline Amendment 782, which lowers the guideline ranges that are based on types and quantities of controlled substances in the Drug Quantity Table. U.S.S.G. § 2D1.1(c). The Court sentenced Hicks to a total term of imprisonment of 262 months based on a sentencing

guideline range of 262 to 327 months. However, the guideline range was calculated using the career offender provisions of the guideline manual not U.S.S.G. § 2D1.1(c), which was amended by Guideline Amendment 782.

The defendant was convicted on his plea of guilty of conspiracy to possess with intent to distribute 50 or more grams of cocaine base, in violation of 21 U.S.C. §§ 841(b)(1)(A) and 846. At the sentencing hearing, the Court calculated Hicks's offense level as 32, which was reduced to 29 for acceptance of responsibility. *See* U.S.S.G. § 3E1.1. However, it was increased to 37 because Hicks was found to have two prior felony convictions that qualified him as a career offender. *See* U.S.S.G. § 4B1.1(a)(3). The offense level of 37 was in turn reduced by three for acceptance of responsibility. Consistent with the Sentencing Guidelines Manual, the defendant's career offender status placed him in criminal history category VI. *Ibid*. The resulting guideline range was 262 to 327 months, and Hicks was sentenced, without objection, to 262 months in custody on November 21, 2002.

Hicks appealed his sentence on the grounds that he should have been permitted to withdraw his plea if he was sentenced to more than 240 months imprisonment. The Sixth Circuit affirmed the sentence, but the Supreme Court remanded the matter for reconsideration in light of *United States v. Booker*, 543 U.S. 220 (2005). On remand, the Court again sentenced Hicks to 262 months imprisonment. Hicks filed a second appeal, which was unsuccessful. Hicks filed a motion to vacate, set aside, or correct his sentence under 28 U.S.C. § 2255 on August 21, 2008. He argued that he received ineffective assistance of counsel at sentencing because his attorney did not contest Hicks's status as a career offender. He also argued that recent amendments to the sentencing guidelines precluded a finding that he was a career offender. On January 26, 2009, the Court denied his

motion, finding that his attorney was not constitutionally ineffective, and that Hicks qualified as a career offender under the sentencing guidelines in effect at the time of sentencing and at the time of the motion.

In March 2008, the defendant filed a motion to reduce his sentence under 18 U.S.C. § 3582(c), citing the United States Sentencing Commission's retroactive amendment to the sentencing guidelines that apply to crack cocaine offenses, designated as Amendment 706. The Court denied that motion on September 4, 2009, because the defendant had been sentenced as a career offender and therefore he was not eligible for a sentence modification based on the retroactive application of Amendment 706. *See United States v. Perdue*, 572 F.3d 288, 290-92 (6th Cir. 2009). Hicks did not appeal the order.

On October 18, 2011, Hicks submitted a letter to the Court asking for consideration of a sentence reduction based on the Fair Sentencing Act. The letter was docketed as a motion to reduce his sentence under 18 U.S.C. § 3582(c). The Court denied this motion on December 16, 2011, finding that because Hick's sentence was based on the career offender guidelines and not a guideline range that was later lowered by the Sentencing Commission, he was not eligible for relief. *See Perdue*, 572 F.3d at 290-92. The Sixth Circuit affirmed the order on November 9, 2012.

Under 18 U.S.C. § 3582(c)(2), a court may modify a term of imprisonment after it is imposed only under certain conditions:

> [I]n the case of a defendant who has been sentenced to a term of imprisonment *based on* a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment, after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission. (emphasis added).

Hicks asks the Court to reduce his sentence under the authority of the original panel decision in *Blewett*. However, that panel decision was vacated, and the Sixth Circuit, in its later *en banc* decision, reaffirmed the rule that "the Fair Sentencing Act's new mandatory minimums do not apply to defendants sentenced before it took effect." *Blewett*, 746 F.3d at 650. Hicks was sentenced on November 21, 2002, before the Fair Sentencing Act took effect, and the reduced mandatory minimums imposed under the Act therefore do not apply to him. Hicks also requested the appointment of counsel to assist with his May 28, 2013 motion. That request will be denied as moot.

Hicks also asks the Court to reduce his sentence based on Amendment 782. However, he is not eligible for a sentence reduction because the defendant's sentence was based on the career offender guidelines rather than U.S.S.G. § 2D1.1(c), which was amended by Guideline Amendment 782. *See United States v. Thompson*, 714 F.3d 946, 949 (6th Cir. 2013) (holding that a defendant sentenced as a career offender is not eligible for a reduction because his sentence was not *based on* the crack cocaine guidelines).

Accordingly, it is **ORDERED** that the defendant's motions to reduce sentence [dkts. #131 and 132] are **DENIED**.

It is further **ORDERED** that the defendant's request for appointment of counsel related to his May 28, 2013 motion to reduce sentence is **DENIED** as moot.

                                             s/David M. Lawson  
                                             DAVID M. LAWSON  
                                             United States District Judge

Dated:   July 21, 2016

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on July 21, 2016.

                                            s/Susan Pinkowski
                                            SUSAN PINKOWSKI