UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DRAMOND D. HICKS,

                                                          Criminal Case Number 01-20057
               Petitioner,              Civil Case Number 08-13646
                                                          Honorable David M. Lawson

UNITED STATES OF AMERICA,

               Respondent.
_____/

**<u>ORDER DENYING MOTION TO VACATE SENTENCE</u>**

On July 31, 2002, the petitioner Dramond D. Hicks pleaded guilty to conspiracy to possess with intent to distribute 50 or more grams of cocaine base in violation of 21 U.S.C. § 841(a)(1) and 846. On November 21, 2002, he was sentenced as a career offender to 262 months in prison. The Career Offender Guideline, U.S.S.G. § 4B1.1, provides for an increased offense level based on prior convictions of a "crime of violence," defined under the Career Offender Guideline, U.S.S.G. § 4B1.2(a) (the so-called "residual clause" of the career offender guideline). One of the convictions on which the Court relied in assessing the petitioner's guideline range was for felonious assault, Mich. Comp. Laws § 750.82. The Sixth Circuit affirmed the sentence, but the Supreme Court remanded the matter for reconsideration in light of *United States v. Booker*, 543 U.S. 220 (2005). On remand, the Court again sentenced Hicks to 262 months imprisonment. On August 21, 2008, the petitioner filed his first motion to vacate sentence under 28 U.S.C. § 2255, which the Court denied. On June 29, 2016, the petitioner filed his second motion to vacate sentence, and the Court subsequently entered an order transferring the petitioner's successive motion to the United States Court of Appeals for the Sixth Circuit pursuant to 28 U.S.C. § 1631. On November 10, 2016, the Sixth Circuit granted that motion and remanded the petitioner's case, instructing the Court to hold

the case in abeyance pending the Supreme Court's decision in *Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886 (2017). The Court has reviewed the petitioner's motion to vacate in light of the Supreme Court's decision in *Beckles* and finds that it ought to be denied.

In his motion, the petitioner argues that in light of *Johnson v. United States*,--- U.S ---, 135 S. Ct. 2551 (2015), his conviction for felonious assault no longer qualifies as a "crime of violence" under the Career Offender Guideline because that provision is unconstitutionally vague. The petitioner believes he is entitled to resentencing under the lower guidelines that would apply if his base offense level were not enhanced otherwise.

A federal prisoner challenging his sentence under section 2255 must show that the sentence "was imposed in violation of the Constitution or laws of the United States," the sentencing court lacked jurisdiction, the sentence exceeds the maximum penalty allowed by law, or the conviction "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). "A prisoner seeking relief under 28 U.S.C. § 2255 must allege either: '(1) an error of constitutional magnitude; (2) a sentence imposed outside the statutory limits; or (3) an error of fact or law that was so fundamental as to render the entire proceeding invalid.'" *Short v. United States*, 471 F.3d 686, 691 (6th Cir. 2006) (quoting *Mallett v. United States*, 334 F.3d 491, 496-97 (6th Cir. 2003)).

"[I]n *Johnson v. United States*, 576 U.S. ---, 135 S. Ct. 2551 (2015), [the Supreme Court held] that the identically worded residual clause in the Armed Career Criminal Act of 1984 (ACCA), 18 U.S.C. § 924(e)(2)(B), was unconstitutionally vague." *Beckles v. United States*, --- U.S. ---, 137 S. Ct. 886, 890 (2017). Following that decision, in *United States v. Pawlak*, 822 F.3d 902, 903 (6th Cir. 2016), the Sixth Circuit concluded that the Court's reasoning in *Johnson* "compels the same result for [the] identical 'residual clause' in the U.S. Sentencing Guidelines," and held that the

residual clause of the Career Offender guideline also was unconstitutionally vague. However, on March 6, 2017, the Supreme Court effectively overruled *Pawlak*, holding that "[b]ecause the advisory Sentencing Guidelines are not subject to a due process vagueness challenge, § 4B1.2(a)'s residual clause is not void for vagueness." *Beckles*, 137 S. Ct. at 897.

The challenge to the residual clause of the Career Offender guideline that the petitioner raises in his motion squarely was rejected by the Supreme Court in its decision in *Beckles*, and the petitioner's motion does not assert any other grounds for relief. The petitioner has failed to establish that he is being held under an unlawful sentence, and his motion therefore will be denied.

Accordingly, it is **ORDERED** that the petitioner's motion to vacate sentence [dkt. #138] is **DENIED**.

s/David M. Lawson
DAVID M. LAWSON
United States District Judge

Dated: January 5, 2018

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first class U.S. mail on January 5, 2018.

s/Susan Pinkowski
SUSAN PINKOWSKI