UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

UNITED STATES OF AMERICA,

        Plaintiff,                             Case Number: 01-20057
                                                               Honorable David M. Lawson

v.

DRAMOND D. HICKS,

        Defendant.
_____/

**CORRECTED OPINION AND ORDER GRANTING MOTION FOR RESENTENCING**

After defendant Dramond Hicks pleaded guilty to selling more than 50 grams of crack cocaine, he was sentenced on November 21, 2002 to a prison term of 262 months. He now seeks resentencing under the First Step Act. The government concedes that Hicks is eligible under that legislation to be resentenced but argues that the Court should not exercise its discretion to do so. However, Hicks argues that his already-lengthy stint in a federal prison has reformed him, which is new information that may be considered on resentencing. Therefore, the Court will schedule a resentencing hearing, at which Hicks is entitled to be present (unless he waives his presence) and request updated information from the Probation Department.

I.

On December 19, 2001, Hicks was indicted for conspiracy to distribute more than 50 grams of crack cocaine and violations of other federal drug laws. The government sought to enhance the penalty under 21 U.S.C. § 851, citing Hicks' prior conviction of delivering less than 50 grams of cocaine. That boosted Hicks' statutory mandatory minimum sentence from 10 years to 20 under 21 U.S.C. § 841(b)(1)(A). Hicks pleaded guilty to the conspiracy charge on July 21, 2002.

The probation department found that Hicks possessed 148 grams of cocaine base, which resulted in a base offense level of 30 under U.S.S.G. § 2D1.1. But because Hicks had prior convictions for a felony drug offense and a crime of violence (felonious assault), he was classified as a career offender under U.S.S.G. § 4B1.1, and his net offense level became 34 after an adjustment for accepting responsibility. Hicks's career offender status put him in criminal history category VI, and the resulting guideline range was 262 to 327 months imprisonment. Under the pre-*Booker* sentencing regime, the Court imposed a 262-month sentence followed by a mandatory minimum 10-year period of supervised release. The defendant appealed his sentence, but the Sixth Circuit affirmed it as reasonable.

On October 27, 2005, the Court considered Hicks's post-*Booker* request for resentencing under 28 U.S.C. § 2255 and reimposed the same sentence.

The defendant now is serving the last portion of his prison term at a residential reentry center in Alabama. He is scheduled to be released from custody on January 15, 2020, which is when his ten-year term of supervised release will begin.

Hicks filed a *pro se* motion for resentencing under the First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. That legislation amends several sections of the U.S. Code "to promote rehabilitation of prisoners and unwind decades of mass incarceration." *United States v. Brown*, No. 05-00227, --- F. Supp. 3d ---, 2019 WL 4942051, at *1 (S.D. Iowa Oct. 8, 2019). In response, the government acknowledges that the Act furnishes the Court with the authority to resentence Hicks, but it notes that he still qualifies as a career offender, his sentencing guidelines have not changed, and there is no other reason to reduce his sentence. Hicks, now represented by counsel, argues that although his guidelines remain unchanged since the Court originally sentenced him, he has changed. He attached two letters addressed to the Court. The first letter was from him, in

which he stated that he behaved well in prison and that he has participated in over 6,000 hours of an HVAC apprenticeship program. His wife wrote the second letter, which stated that he has behaved well since being incarcerated and that her health is declining, thereby requiring his assistance at home.

II.

"Although a district court generally 'may not modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c), a court may do so under certain limited circumstances, including 'to the extent otherwise expressly permitted by statute or by Rule 35 of the Federal Rules of Criminal Procedure.'" *United States v. Hall*, 661 F.3d 320, 322 (6th Cir. 2011) (quoting 18 U.S.C. § 3582(c)(1)(B)). Hicks's offense of conviction is one that the First Step Act addresses. In section 404, Congress made retroactive the Fair Sentencing Act's statutory changes for crack cocaine offense penalties so that they apply to defendants who were sentenced before August 3, 2010. The First Step Act, therefore, grants district courts the authority to resentence those offenders. First Step Act § 404(b) Pub. L. 115-391, 132 Stat. 5194 (Dec. 21, 2018) ("A court that imposed a sentence for a covered offense may, on motion of the defendant, the Director of the Bureau of Prisons, the attorney for the Government, or the court, impose a reduced sentence as if sections 2 and 3 of the Fair Sentencing Act of 2010 (Pub. L. 111-220, 124 Stat. 2372) were in effect at the time the covered offense was committed.").

It makes no difference to Hicks's eligibility for resentencing under the First Step Act that his sentencing guidelines have not changed or that he was sentenced as a career offender. *United States v. Beamus*, --- F.3d---, 2019 WL 6207955, at *2 (6th Cir. 2019) ("The text of the First Step Act contains no freestanding exception for career offenders. Nor would one expect to see such an exception. It makes retroactive the Fair Sentencing Act's changes to the statutory range for crack

cocaine offenses."). However, the Act imposes two limits on eligibility. "Defendants may not seek a reduction if their sentence was already modified to comport with the Fair Sentencing Act . . . [a]nd defendants may not seek resentencing under the First Step Act if they lost a prior motion after a 'complete review of the motion on the merits.'" *Beamus*, 2019 WL 6207955, at * 2 (quoting First Step Act of 2018, § 404(c)). Neither exception applies to Hicks.

Once a defendant established eligibility, "[t]he First Step Act ultimately leaves the choice whether to resentence to the district court's sound discretion." *Ibid*. (citing First Step Act, Pub. L. 115-391 § 404(b), 132 Stat. 5194 (Dec. 21, 2018); *United States v. Hegwood*, 934 F.3d 414, 418 (6th Cir. 2019)).

At this point, two more legal principles come into play. The first is that Hicks may point to aspects of his life that have transpired since his original sentence, which suggest that he has been rehabilitated. *Pepper v. United States*, 562 U.S. 476, 490 (2011) (holding that on resentencing, "a district court may consider evidence of a defendant's rehabilitation since his prior sentencing and [] such evidence may, in appropriate cases, support a downward variance from the advisory Guidelines range"). The second is that when a court considers these factors, the proceeding amounts to a resentencing — rather than a mere correction of sentence under Federal Rule of Criminal Procedure 35 — at which the defendant is entitled to be present and allocute. *United States v. Flack*, 941 F.3d 238, 240 (6th Cir. 2019) (citing Fed. R. Crim. P. 43(a)(3), 32(i)(4)); *see also id.* at 241 (noting that "a district court resentences the defendant . . . when it revisits the § 3553(a) factors and determines anew what the sentence should be. A resentencing could thus result in the same sentence as the one the district court imposed initially" (citation omitted).

The government contends that the Court should deny Hicks any reduction in his sentence out of hand. It notes that he still is a career offender, his sentencing guidelines remain at 262 to 327 months, and after *United States v. Booker*, 542 U.S. 220 (2005), which held that guidelines are not mandatory, the Court resentenced the defendant to the same 262-month term.

Hicks, now 45 years old, acknowledges that his guideline range has not changed, but his career offender status is thinly-based, triggered by a felony drug offense committed when he was 19 years old and an assault conviction committed when he was 20. He points out that the non-career offender guideline range for his offense dropped from 121 to 151 months (offense level 29, criminal history category IV) to 70 to 87 months (offense level 23, criminal history category IV). He also provided letters from him and his wife detailing his good behavior since being incarcerated. He claimed to never have a violence-based incident report, nor has he had any disciplinary actions in the past decade. Moreover, he alleged that he is diligently preparing for life outside the prison system by taking courses relevant to reintegrating with his family and society. He also spent 6,000 hours in an HVAC apprenticeship program, which will give him the means to work and provide for his family.

The defendant's wife also wrote a letter stating that her health is rapidly declining. She suffered from a stroke, cancer, neuropathy, and lupus and requires his assistance at home. She also stated that Hicks has not gotten into any further trouble since his incarceration.

These factors require further consideration by the Court. Therefore, the Court will direct the Probation Department to submit updated relevant information and will schedule a hearing at which Hicks may be present and address the Court. He may waive his presence if he chooses.

III.

Defendant Dramond Hicks is eligible to be resentenced under the First Step Act. The Court will need current information so that it can apply the factors found in 18 U.S.C. § 3553(a) and make an informed decision on resentencing.

Accordingly, it is **ORDERED** that the defendant's motion for resentencing under the First Step Act (ECF No. 154) is **GRANTED**.

It is further **ORDERED** that United States Probation Department provide updated, current information on the defendant's status by **December 16, 2019**.

It is further **ORDERED** that counsel for the defendant must inform the Court whether the defendant desires to be present at the resentencing hearing **on or before December 16, 2019**. After receiving that information, the Court will set a resentencing date.

s/David M. Lawson  
DAVID M. LAWSON  
United States District Judge

Date: December 16, 2019

---

**PROOF OF SERVICE**

The undersigned certifies that a copy of the foregoing order was served upon each attorney or party of record herein by electronic means or first-class U.S. mail on December 16, 2019.

s/Susan K. Pinkowski  
SUSAN K. PINKOWSKI